UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL THOMAS PACE,

                Plaintiff,

      -against-

CASEY JORDAN, et al.,

                Defendants.

25-CV-6654 (LTS)

ORDER GRANTING IFP APPLICATION AND DENYING EMERGENCY MOTION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se,* has filed an emergency motion requesting a temporary restraining order, preliminary injunctive relief, and the appointment of "conflict-free counsel," and on September 2, 2025, he filed a second emergency motion seeking the same relief. (ECF 1, 12.) Plaintiff also filed a motion for in camera review and a remote hearing. (ECF 6.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP application but denies Plaintiff's request for a restraining order, injunctive relief, and the appointment of counsel. The Court also grants Plaintiff leave to file a complaint within 30 days of the date of this order. In the alternative, Plaintiff may move to withdraw this action.

## DISCUSSION

      To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Moreover, in a letter Plaintiff filed after he filed his emergency motion, Plaintiff references his property in New Milford, Connecticut, suggesting that this action did not arise within a county in the Southern District of New York. For these reasons, the Court denies Plaintiff's requests for a temporary restraining order, preliminary injunctive relief, and the appointment of counsel.

## CONCLUSION

Plaintiff's emergency motions (ECF 1, 12) are denied without prejudice. The Court directs the Clerk of Court to terminate these motions and the motion at ECF 6 seeking "in-camera review disclosure and remote hearing."

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 8, 2025
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge