UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL THOMAS PACE,

     Plaintiff,

   -against-

CASEY JORDAN, et al.,

     Defendants.

25-CV-6654 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Michael Thomas Pace, who is appearing *pro se*, brings this action under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the civil rights statute, 42 U.S.C. § 1983; the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, and the Universal Declaration of Human Rights ("UDHR"). In his original submission, styled as an emergency motion, Plaintiff named as Defendants the following 13 Defendants: Casey Jordan; Berkshire Hathaway; CarMax Auto Superstores, Inc.; GEICO Insurance; Google LLC; ServCorp; Small Business Administration ("SBA"); Internal Revenue Service; JPMorgan Chase Bank, N.A.; Bank of America; Putnam County Savings Bank; Candlewood Point Homeowners Tax District; and the Town of New Milford. He also named "other unnamed individuals and entities acting under color of law."

  By order dated September 8, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, and denied Plaintiff's request for a restraining order, injunctive relief, and the appointment of counsel. The Court also granted Plaintiff leave to file a complaint. On September 9, 2025, Plaintiff filed his submission, which he titled "Amended Complaint," naming Defendant Casey Jordan as the sole defendant.[1]

---

[1] Plaintiff lists this defendant in the caption as "Casey Jordan, et al.," suggesting that he

The Court dismisses the amended complaint for the reasons set forth in this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the amended complaint.[2] Plaintiff asserts that "Defendants — including insurers, banks, corporate entities, attorneys, and government actors — formed an enterprise engaged in a pattern of racketeering activity directed at Plaintiff, his family, and his community." (ECF 14, at 2.) He contends that "[t]he enterprise relied on fraud, mail fraud, wire fraud, obstruction of justice, extortion, and witness tampering to force ordinary people into participation." (*Id.*) Plaintiff seeks to hold "accountable the true perpetrators while recognizing that many of Plaintiff's friends, family, and acquaintances were themselves victims of the RICO enterprise." (*Id.*)

---

intended to sue other defendants, possibly the defendants named in the original complaint.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In addition to his assertion that Defendants violated the civil provision of the RICO statute, Plaintiff also asserts that Defendants violated 42 U.S.C § 1983 "through economic coercion tied to SBA loan obligations and manufactured bankruptcy threats" and "engaged in acts constituting domestic terrorism under [the ATA]: violent acts and intimidation intended to influence government policy and interfere with constitutional rights." (ECF 14 at 2.) Finally, Plaintiff claims that Defendants violated international human rights, "including the Universal Declaration of Human Rights." (*Id.* at 3.)

## DISCUSSION

The Court dismisses the complaint for failure to state a claim because he does not allege any facts suggesting that he may proceed with this action under civil RICO, Section 1983, the ATA, or the UDHR.

First, Plaintiff's allegations do not suggest that any defendant violated the civil provision of the RICO statute. To state a claim for a civil RICO violation, a plaintiff must demonstrate: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal citation marks and quotation omitted); *see also Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 601-604 (2025). To plead a violation of the substantive criminal RICO statute, a plaintiff must allege: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing § 1962(a)-[c]). For purposes of RICO, the term "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

18 U.S.C. § 1961(4). Plaintiff does not state any facts suggesting that Casey Jordan, the sole defendant named in the amended complaint, is associated in fact, acted as an enterprise, or committed any violation of any law with the individuals and entities named in the original complaint—unidentified individuals, banks, an insurance company, and a real estate office. Plaintiff's vague assertions do not suggest that Jordan and any of the unnamed individuals and entities named in the original complaint conspired to violate his rights.

Second, Plaintiff cannot state a claim against Jordan or the defendants named in the original complaint under Section 1983 because they are not state actors. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Third, Plaintiff does not state any facts suggesting that he can assert a claim under Section 2331, which provides a private right of action for "injuries caused by an act of international terrorism." *Linde v. Arab Bank, PLC*, 353 F. Supp. 2d 327, 331 (E.D.N.Y. 2004). This action does not concern any acts of terrorism.

Fourth, Plaintiff's reliance on the UDHR does not provide a basis for any claim. This international declaration does not "impose obligations as a matter of international law enforceable in federal court." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *see, e.g.*, *Bey v. New York*, No. 11-CV-3296 (JS) (WDW), 2012 WL 4370272, at * 7 (E.D.N.Y. Sept. 21,

2012) (noting that there is no private right of action under international treaties, the United Nations' Universal Declaration of Human Rights, or provisions of the United Nations' Charter).

For these reasons, the Court dismisses Plaintiff's amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's pending motions seeking miscellaneous relief as moot and directs the Clerk of Court to terminate the motions at ECF 17 and ECF 18

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

  Dated:     March 24, 2026
             New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

5